IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY,<br><br>Plaintiff,<br><br>vs.<br><br>ANGIE SPARKS and LEWIS AND CLARK COUNTY,<br><br>Defendant. | CV 23-27-H-SEH<br><br><br>ORDER |

On May 5, 2023, Plaintiff Bobby Francis Lowry ("Lowry"), proceeding *pro se*, filed suit alleging constitutional violations.[1] The case as pleaded, fails to state a claim for federal relief. It will be dismissed.

## STATEMENT OF THE CASE

Lowry is incarcerated at Lewis and Clark County Detention Center, Helena, Montana.[2] Angie Sparks, Clerk of the First Judicial District Court, Helena, Montana, and Lewis and Clark County are the named defendants.[3]

---

[1] Doc. 2.
[2] Doc. 2 at 1.
[3] Doc. 2 at 2.

Lowry alleges Sparks violated his Seventh Amendment rights by various acts she has performed as district court clerk related to Lowry's marriage dissolution action and other state court matters.[4] Money damages are sought.[5]

## 28 U.S.C. §§ 1915, 1915A SCREENING

The complaint was reviewed and liberally construed[6] under 28 U.S.C. §§ 1915 and 1915A. Dismissal is required if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Fed. R. Civ. P. 8 requires a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief"[7] and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8] The allegations must cross "the line from conceivable to plausible."[9]

---

[4] Doc. 2 at 6–9.
[5] Doc. 2 at 5.
[6] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").
[7] Fed. R. Civ. P. 8(a)(2).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).
[9] *Id.* at 680.

2

## ANALYSIS

Lowry's Complaint fails to state a claim for federal relief. Sparks has absolute quasi-judicial immunity from suit for her actions within the scope of her duties as Clerk of Court.[10]

Although Lowry asserts that Seventh Amendment rights were violated by Sparks, "the Seventh Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts or the standards which must be applied concerning the same."[11] The Seventh Amendment does not apply to the states through the Fourteenth Amendment.[12] Lowry has neither alleged a viable cause of action nor identified a party amenable to suit.

## CONCLUSION

The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."[13] The infirmities of Lowry's Complaint could not be cured by amendment.

**ORDERED:**

1. Lowry's Complaint[14] is **DISMISSED** without leave to amend for failure to state a claim.

---

[10] *Coulter v. Roddy*, 463 F. App'x 610 (9th Cir. 2011).
[11] *Minneapolis & S. L. R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916).
[12] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 432 (1996).
[13] *Lopez*, 203 F.3d 1120, 1127 (9th Cir. 2000) (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).
[14] Doc. 2.

2. The Clerk of Court is directed to enter judgment under Fed. R. Civ. P. 58 and close the case.

3. The Clerk is directed to have the docket reflect that this dismissal counts as a strike.[15]

DATED this 16th day of June, 2022.

*Sam E. Haddon*
Sam E. Haddon
United States District Court Judge

---

[15] 28 U.S.C. 1915(g).